UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY SADLER
    v.
GOVERNOR ROWLAND, ET AL.

2003 OCT 17 P 4: 05

PRISONER
: CIVIL ACTION NO. 3:01CV1786(CFD)(WIG)
:
: OCTOBER 14, 2003

## MOTION FOR EXTENSION OF TIME

The plaintiff, Gary Sadler who is pursuing pro se moves this Court for an unlimited or thirty day extension of time for responding to the defendants' Motion To Dismiss (or an extension of time until the Court rules on the plaintiff's pending motion for injunction). In support thereof the plaintiff states the following:

(1) On September 3, 2003 the plaintiff requested a thirty (30) day extension of time to respond to the defendants' August 13, 2003 Motion To Dismiss because he was in the process of awaiting assistance from the Inmates' Legal Assistance Program (ILAP). On September 26, 2003 the Court granted the Motion but ordered the plaintiff to submit his Response by October 15, 2003 citing that if he does not respond the case will be dismissed.

(2) However, on September 29, 2003 the plaintiff received correspondence from ILAP stating that they would not assist the plaintiff unless he provides them with a copy of all the documents relative to this case (enclosed please see a copy of such letter).[1]

(3) Unfortunately and as previously noted on several occasions, the plaintiff does not have the money to pay for copies of the hundreds of documents (that this case consist of) and this

---

[1] Although the letter states that ILAP has asked the plaintiff on more than one occasion to forward copies of all documents relative to this case, ILAP has never asked the plaintiff for such on any prior occasion and on September 29, 2003 the plaintiff wrote ILAP explaining this. To date he has not received a response.

Court has not ruled on the plaintiff's Request for an Injunction Relative to this matter. Unless the Court rules on the plaintiff's behalf with respect to his Motion for a Temporary Injunction or unless subordinates of the defendants provide the plaintiff with the necessary copies in this matter, the plaintiff will not be able to receive any assistance from ILAP in order to respond to the defendants' Motion To Dismiss.

WHEREFORE, the plaintiff moves this Court for an extension of time and urges the Court to respond to the plaintiff's documents #39 and 60.

Respectfully Submitted,

Gary Sadler #236395
MacDougall Correctional Institution
1153 East Street South
Suffield, CT 06080

CERTIFICATION

I hereby certify that a copy of the foregoing was sent to the following on this 14th day of October, 2003:

Robert Vacchelli and Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT

Mark R. Davis
Senior Assistant Attorney General
900 East Main Street
Richmond, Virginia 23219

Gary Sadler

# LAW OFFICES OF SYDNEY T. SCHULMAN

## INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

September 24, 2003

Gary Sadler
# 236395
MacDougall CI
1153 East St. South
Suffield, CT 06080

Dear Mr. Sadler:

Thank you for your letter dated September 3, 2003, which was received at ILAP on September 12, 2003.

As you have been advised in the past, ILAP's contract with the State of Connecticut limits us to giving advice as to process and procedure, as well as the preparation of documents, in civil cases regarding terms and conditions of confinement which exhibit the necessary elements to construct a *prima facie* case. Black's Law Dictionary defines a *prima facie* case as follows:

> A prima facie case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or motion to dismiss in a nonjury case; it is the evidence necessary to require the defendant to proceed with his case.

You have been asked on more than one occasion to forward ILAP copies of all documents you have filed with the court, any documents you have received from the court in relation to your complaint, and any documentation you have of incident(s) which substantiates your claims. To date, we have not received this information from you. Please be advised that without additional information, ILAP is unable to evaluate your claim.

The terms of our most recent contract (effective September 1, 2003) preclude us from providing case law and other materials to inmates where an ILAP attorney has not determined that a *prima facie* case exists. Until the above-described materials have been received and your claims evaluated, ILAP is unable to comply with your request.

Sadler, Gary
-Page 2 of 2-
September 24, 2003

Should you require future assistance with a civil matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP at the above-referenced address.

Sincerely,

Heidi VanWormer, Law Clerk

Jessica J. York, Staff Attorney