UNITED STATES DISTRICT COURT   FILED

DISTRICT OF CONNECTICUT   2003 NOV 12 P 5:10

| | | |
|---|---|---|
| GARY SADLER | : | PRISONER<br>CIVIL NO. 3:01CV1786 (CFD)(WIG) |
| v. | : | |
| GOVERNOR JOHN ROWLAND, ET AL. | : | NOVEMBER 7, 2003 |

### SUPPLEMENT TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY AND TEMPORARY INJUNCTION

The defendants filed their Memorandum in Opposition to Plaintiff's Motion for Preliminary and Temporary Injunction on April 16, 2003, in the above case. Plaintiff's motion seeks unlimited free photocopies and postage complaining that Department of Correction directives force him to choose between buying personal items and litigation supplies, unless he is indigent. On September 29, 2003, this Court issued a decision denying a similar motion in a case raising similar issues, and upholding the subject directives. See Lebron v. Armstrong, 2003 U.S. Dist. LEXIS 17337 (D. Conn. 2003), Attachment A. We urge the Court to rule likewise in the instant case.

DEFENDANTS
Governor John Rowland, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 7th day of November, 2003:

Gary Sadler #236395
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Sr. Asst. Attorney General Mark R. Davis
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Robert F. Vacchelli
Assistant Attorney General

LUIS A. LEBRON v. COMMISSIONER JOHN ARMSTRONG, et al.
Case No.3:01CV241 (CFD) (WIG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2003 U.S. Dist. LEXIS 17337

September 29, 2003, Decided

DISPOSITION: Petition for writ of mandamus was denied. Defendants' motion to dismiss petition was granted. Requested injunction relief was denied.

CASE SUMMARY:

PROCEDURAL POSTURE: Pro se plaintiff, a state prisoner, alleged that a prison's policy of requiring less than a minimal amount in the prisoner's account for him to be considered indigent and entitled to free mailing services deprived the prisoner of his constitutional right of access to the courts. The prisoner moved for a writ of mandamus to require defendant prison officials to provide free mailing, and the officials moved to dismiss the petition.

OVERVIEW: Since the federal court lacked jurisdiction to issue a writ of mandamus against state officials, the prisoner's petition was construed as a motion for a preliminary injunction and the officials' motion to dismiss was construed as a motion to deny relief. The court then first held that, although the prisoner obtained sufficient funds for his needs, the action was not moot since the amount in the prisoner's account fluctuated and the situation was thus capable of repetition. However, the prisoner failed to show any violation of his constitutional right to court access. The prisoner failed to allege any actual injury, from a case that was dismissed or that the prisoner was unable to file, due to the alleged constitutional violation. Further, requiring the prisoner to choose how to spend his funds was not unconstitutional, and any delay in obtaining free mailing services was not related to the underlying action for denial of adequate medical care.

OUTCOME: The prisoner's motion for a writ of mandamus was denied, and the officials' construed motion to deny the prisoner's construed request for injunctive relief was granted.

CORE TERMS: inmate, injunctive relief, moving party, preliminary injunction, writ of mandamus, mandamus, moot, right of access, actual injury, technically, repetition, motion to dismiss, indigency, envelopes, mandatory injunction, nature of mandamus, irreparable harm, available funds, oral testimony, longer needed, status quo, per curiam, deficient, prevail, fails to state, injunction

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Remedies: Extraordinary Writs
[HN1] Mandamus is an extraordinary remedy which, absent compelling circumstances, normally should not issue.

Civil Procedure: Remedies: Extraordinary Writs
Civil Procedure: Jurisdiction: Jurisdictional Sources
Constitutional Law: Civil Rights Enforcement: Prisoners
[HN2] Actions in the nature of mandamus are appropriate vehicles for prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials. 28 U.S.C.S. § 1361.

Civil Procedure: Remedies: Extraordinary Writs
Civil Procedure: Jurisdiction: Jurisdictional Sources
[HN3] See 28 U.S.C.S. § 1361.

Civil Procedure: Remedies: Extraordinary Writs
Civil Procedure: Jurisdiction: Jurisdictional Sources
[HN4] By its terms, the federal mandamus statute, 28 U.S.C.S. § 1361, does not apply to an action to compel a state or state officials to perform a particular duty.

Civil Procedure: Joinder of Claims & Parties: Self-Representing Parties
[HN5] A litigant in federal court has a right to act as his own counsel. 28 U.S.C.S. § 1654.

Civil Procedure: Joinder of Claims & Parties: Self-Representing Parties
[HN6] See 28 U.S.C.S. § 1654.

Civil Procedure: Counsel
[HN7] A non-attorney has no authority to appear as an attorney for others.

Case 3:01-cv-01786-CFD   Document 91   Filed 11/12/2003   Page 4 of 7

Page 5
2003 U.S. Dist. LEXIS 17337, *

Civil Procedure: Injunctions: Preliminary & Temporary Injunctions
[HN8] Interim injunctive relief is an extraordinary and drastic remedy which should not be routinely granted.

Civil Procedure: Injunctions: Preliminary & Temporary Injunctions
Civil Procedure: Injunctions: Mandatory Injunctions
[HN9] To warrant preliminary injunctive relief, a moving party must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits, the moving party must make a stronger showing of entitlement. A mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested or where extreme or very serious damage will result from a denial of preliminary relief.

Civil Procedure: Injunctions: Preliminary & Temporary Injunctions
[HN10] Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. To demonstrate irreparable harm, plaintiff must show an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.

Civil Procedure: Injunctions: Preliminary & Temporary Injunctions
[HN11] Although a hearing is generally required on a properly supported motion for a preliminary injunction, oral argument and testimony are not required in all cases. Where the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony.

Civil Procedure: Justiciability: Mootness
[HN12] When a claim becomes moot, because the relief sought is no longer needed, the claim generally is dismissed. There is, however, a narrow exception to this principle. A court may decide a claim that, technically, is moot where the claim is capable of repetition, yet evading review, and the repetition will affect the same complaining party.

Constitutional Law: Civil Rights Enforcement: Prisoners: Access to Courts
[HN13] The United States Supreme Court clarifies what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. The Supreme Court holds that to show that defendants violated his right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct. The Supreme Court, however, specifically disclaims any requirement that prison officials ensure that inmates have sufficient resources to discover grievances or litigate effectively once their claims are brought before the court.

Constitutional Law: Civil Rights Enforcement: Prisoners: Access to Courts
[HN14] The Second Circuit holds that requiring an inmate to make choices in spending his available funds is not unconstitutional and does not deprive the inmate of his right of access to the courts.

Civil Procedure: Injunctions: Preliminary & Temporary Injunctions
[HN15] Preliminary injunctive relief is designed to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.

COUNSEL: [*1] Luis Angel Lebron, Pro se, Cheshire, CT USA.

For John J Armstrong, Comm, Ind, John Rowland, Ind, Hector Rodriguez, Warden, Ind, Hector Gomez, Warden, Ind, Brian Murphy, Warden, Ind, Krajniak, Major, Ind, McDonald, Major, Ind, Bradnan, Major, Ind, J Sacilia, Counselor Supv, Ind, Pittman, Lt, Ind, Alderucci, Lt, Ind, Zacharewicz, Capt, Ind, Karl Lewis, Admin, Ind, John Doe, Nurse, Ind, Pam Shea, Med Supv, Ind, C Samuel, Co, Ind, Walker, Co, Ind, Suprenant, Co, Ind, Germond, Co, Ind, Lamourex, Co, Ind, Bass, Co, Ind, Taylor, Co, Ind, Johnson, Co, Ind, Thomas, Co, Ind, DEFENDANTS: Robert F Vacchelli, Attorney General's Office Public Safety & Special Revenue, Hartford, CT USA.

JUDGES: Christopher F. Droney, United States District Judge.

OPINIONBY: Christopher F. Droney

OPINION: RULING AND ORDER

Plaintiff, Luis Lebron ("Lebron"), seeks a writ of mandamus to order the Connecticut Department of Correction to provide him, and all other inmates, legal materials upon request. He argues that the indigency policy of the Department of Correction, which requires an inmate to have less than $5.00 in his inmate account for ninety days to be considered indigent (and thus receive free mailing services), [*2] is unconstitutional and has deprived him of his right of access to the courts. The defendants have filed a motion to dismiss the petition for writ of mandamus. For the reasons that follow, Lebron's petition is denied and the defendants' motion is granted.

I. Mandamus

[HN1] Mandamus is an extraordinary remedy which, absent compelling circumstances, normally should not issue. See *United States v. Helmsley*, 866 F.2d 19, 22 (2d Cir. 1988), cert. denied, 490 U.S. 1004, 104 L. Ed. 2d 154, 109 S. Ct. 1638 (1989). [HN2] Actions in the nature of mandamus are appropriate vehicles for prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials. See *28 U.S.C. § 1361* [HN3] ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") [HN4] By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty. See *Hernandez v. United States Attorney General*, 689 F.2d 915, 917 (10th Cir. 1982)[*3] (federal court lacks jurisdiction to issue writ of mandamus to compel action by state court or state prison); *Robinson v. People of the State of Illinois*, 752 F. Supp. 248 (N.D. Ill. 1990) (federal mandamus statute does not apply to actions against the state). Because the court cannot issue a writ of mandamus against state officials, Lebron's motion must be denied.

II. Preliminary Injunctive Relief

Construing the petition liberally, as the court must when dealing with a pro se petition, the court construes the petition as a motion for preliminary injunction and considers the defendants' motion as their opposition to that motion.

A. Other Inmates

Lebron seeks relief for himself and other inmates. [HN5] A litigant in federal court has a right to act as his own counsel. See *28 U.S.C. § 1654* [HN6] ("in all courts of the United States the parties may plead and conduct their own cases personally or by counsel"). [HN7] A non-attorney, however, has no authority to appear as an attorney for others. See *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "'does not allow for unlicensed laymen to represent[*4] anyone else other than themselves'") (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), aff'd sub nom. *Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976)). Thus, Lebron may seek relief on behalf of himself only. Any request for relief on behalf of other inmate must be denied.

B. Standard of Review

[HN8] "Interim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" *Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981) (quoting *Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943, 49 L. Ed. 2d 1180, 96 S. Ct. 3160 (1976).

In this circuit the standard for injunctive relief is well established. [HN9] To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) [*5] either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. *Brewer*, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted), abrogated on other grounds, *Fromer v. Scully*, 874 F.2d 69, 74 (2d Cir. 1989)[*6] .

Case 3:01-cv-01786-CFD   Document 91   Filed 11/12/2003   Page 6 of 7

Page 7
2003 U.S. Dist. LEXIS 17337, *

[HN10] Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See *Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985)*. To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999)* (quoting *Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998))*.

C. Discussion

[HN11] Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See *Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992)*. Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction[*7] may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice P 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

The defendants raise three grounds in support of their motion to dismiss this petition: (1) the issues in the petition are moot, (2) the petition fails to state a claim upon which relief may be granted and (3) Lebron lacks injury and standing to invoke the court's jurisdiction.

1. Mootness

[HN12] When a claim becomes moot, because the relief sought is no longer needed, the claim generally is dismissed. See *Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983)* ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). There is, however, a narrow exception to this principle. The court may decide a claim that, technically, is moot where the claim is "'capable of repetition, yet evading review'" and the repetition will affect "the same complaining party." *Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir.)* (quoting *City of Los Angeles v. Lyons, 461 U.S. 95, 109, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983)* [*8] and *Weinstein v. Bradford, 423 U.S. 147, 149, 46 L. Ed. 2d 350, 96 S. Ct. 347 (1975)* (per curiam)), cert denied sub nom. *Debari v. Bedford Cent. Sch. Dist., 534 U.S. 827, 151 L. Ed. 2d 34, 122 S. Ct. 68 (2001)*.

The defendants have provided the affidavit of Counselor Supervisor Kenneth Bush who spoke with Lebron in December 2002. He reports that Lebron told him that his problems were resolved because he had obtained sufficient funds to purchase needed items. (See Doc. # 43.) In his December 18, 2002 response, Lebron states that he again is without funds and cannot obtain legal envelopes. (See Doc. # 44.)

Because the spendable balance in Lebron's inmate account appears to fluctuate, the court concludes that even if the incident that led to the filing of the petition for writ of mandamus has now been resolved, rendering the petition moot, the situation is capable of repetition. Thus, the defendants' motion is denied on the ground that Lebron's claim is moot.

2. Failure to State a Claim

The defendants argue that Lebron fails to state a claim upon which relief may be granted because he has not demonstrated that the defendants' indigency policy has violated his constitutional[*9] right of access to the courts.

In *Lewis v. Casey, 518 U.S. 343, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996)*, [HN13] the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. The Court held that to show that the defendants violated his right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct. See *id. at 349*. As illustration, the Court noted that if an inmate were able to show that, as a result of the defendant's action, he was unable to file an initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim, he could state a claim for denial of access to the courts. See *id. at 351*. The Court, however, specifically disclaimed any requirement that prison officials ensure that inmates have sufficient resources to discover grievances or litigate effectively once their claims are brought before the court. See *id. at 355*.

In his petition, [*10] Lebron does not allege that he suffered any actual injury as required under *Lewis*. He has not identified any action that he was unable to file or any case that was dismissed as technically deficient without a consideration of the merits of the claims. His assertion of delay in litigation does not constitute an actual injury under Lewis. See *Standley v. Lyder, 2001 U.S. Dist. LEXIS 2274, No. 99 CIV 4711 GEL, 2001 WL 225035, at *3 (S.D.N.Y. Mar. 7, 2001)* (holding that

delay in mail service without actual prejudice was insufficient to state a claim)).

Instead, Lebron argues that he has a right to an immediate and unlimited supply of pre-paid envelopes and other supplies and that he should not have to balance his need for these items against other commissary purchases when determining how to spend his available funds. [HN14] The Second Circuit has held that requiring an inmate to make choices in spending his available funds is not unconstitutional and does not deprive the inmate of his right of access to the courts. See *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997), cert. denied, 523 U.S. 1126 (1998). Thus, the defendants' motion to dismiss the petition should be granted. [*11]

In addition, Lebron's petition should be denied because the relief sought is not related to the underlying action. [HN15] Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

Here, the complaint concerns alleged injuries Lebron suffered when a correctional officer sprayed mace into a moving transport van and the denial of appropriate medical treatment for those alleged injuries. For relief, Lebron seeks damages and an order that he receive a thorough medical examination [*12]at the University of Connecticut Health Center. In this motion, Lebron challenges the definition of indigency applied by the Connecticut Department of Correction and seeks an immediate supply of paper, envelopes and copies of legal documents. Because the purported delay in obtaining these items is not related to the incident underlying this action, Lebron's motion is denied.

III. Conclusion

Lebron's Motion for Writ of Mandamus for the D.O.C. [doc. # 34] is DENIED and the defendants' Motion to Dismiss Writ of Mandamus [doc. # 41], which has been construed as a motion to deny the requested injunctive relief, is GRANTED and the requested injunctive relief is denied.

SO ORDERED at Hartford, Connecticut, this ___ day of September, 2003.

Christopher F. Droney

United States District Judge