UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2003 DEC 10 P 3: 59

GARY SADLER
: PRISONER
: CIVIL NO.3:01CV1786(CFD)(WIG)

V. :

GOVERNOR JOHN ROWLAND, ET AL.    : ~~NOVEMBER~~ December 4, 2003

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

In this pro se civil rights action the Connecticut Department of Correction (CT DOC) defendants has moved this court to dismiss the plaintiff's amended complaint, citing numerous grounds. Accordingly the plaintiff responds as follows.

1. **Plaintiff's Request For Injunctive Relief Is Not Moot**

The defendants argue that the plaintiff's request for injunctive relief is moot because he is no longer in the VA DOC. However, the plaintiff's request for an injunction is with respect to any future transfer of the plaintiff to the VA or any other DOC. See sec. G.(1) of Amended Complaint.

2. **Paragraph 7 Of The Amended Complaint Is Not A Prior Pending Action**

Paragraph 7 of the plaintiff's amended complaint and an action he has pending before a Virginia court are and describe two separate

incidents. Paragraph 7 describes an incident that occurred on March 24, 2000 while the action before the Virginia court describes an incident dated April 2, 2000.

3. <u>**This Action Is Not Barred By The Eleventh Amendment Against The Defendants In Their Official Capacities**</u>

The defendants argue that they cannot be sued in their official capacities for damages. However, the only defendants being sued in their official capacities are the only two the plaintiff seeks an injunction from; John Armstrong and Lynn Milling. See caption of plaintiff's amended complaint.

4. <u>**This Is Not An Action Against The State For Damages**</u>

Again, all of the defendants who are being sued for damages are are being sued in their individual capacities.

5. <u>**The Plaintiff Has Alleged Personal Involvement**</u>

The CT DOC Officials contend that the plaintiff does not allege any involvement against them. However, the plaintiff's complaint consists of allegations of widespread and continuing abuses and rights violations in the face of such defendants' knowledge. In this Circuit, personal involvement may be demonstrated by evidence that 1) the defendant participated directly in the alleged infraction; 2) the defendant, with actual or constructive knowledge of the violation, failed to remedy the wrong; 3) the defendant created or permitted the policy or custom under which the unconstitutional practices occurred; 4) the defendant was grossly negligent in

managing subordinates who caused the violations; or 5) the defendant failed to act on information indicating that the constitutional deprivations were taking place. See <u>Colon v. Coughlin</u>, 58 F.3d 872, 873 (2d Cir.1995). In this regard, the plaintiff has alleged personal involvement by each of the defendants; for upon filing grievances with VA DOC officials the plaintiff sent several complaints and grievances to CT DOC officials about the confinement. Except for one brief response by one CT DOC defendant, they **completely** diregarded the plaintiff's attempts, thus ultimately resulting in continuing abuses by VA DOC officials.

### 6. The Plaintiff Has Exhausted His Administrative Remedies

The defendants argue that the plaintiff failed to exhaust his administrative remedies because he does not produce evidence of such and because thier research shows he only exhausted his administrative remedies with respect to one claim.[1] As reiterated to this Court and the defendants on numerous occasions and as set forth in subsection E. of the plaintiff's amended complaint, he has exhausted all available administrative remedies but is unable to pay for the copies of the grievances at 25¢ per page to provide to this Court and the three separate attornies representing the defendants (this exhaustion of administrative remedies includes grievances

---

[1] As set forth in section 2 above, such claim is not being litigated in this action.

sent to Virginia and Connecticut DOC officials and is outlined in various portions of the plaintiff's amended complaint). The mere bare assertion that the defendants' research shows that plaintiff has not exhausted his administrative remedies should not be an issue at this stage of the proceedings since the plaintiff disputes the assertion. In addition to the plaintiff's claims that he exhausted his administrative remedies, the amended complaint alleges that there were impediments preventing him from exhausting with Virginia and Connecticut DOC officials on some occassions and that on other occassions there simply were no responses to his attempts to exhaust.[2] Also, while confined in Virginia, CT DOC officials never issued the plaintiff any notices stating that he could file grievances with CT DOC officals about confinement in Virginia.[3] Instead, what the plaintiff did receive from the defendants consisted of notices that if grievable matters could not be resolved through the VA DOC grievance procedure, copies of such grievances should be sent to CT DOC officials for review. See paragraph 2 of plaintiff's amended complaint. On several occassions this is precisely what the plaintiff did.

---

[2] The plaintiff notes that his attempts to file informal complaints is a required part of the grievance procedure. See sections 9 and 10 of administrative directive 9.6 as provided in Attachment B of Defendants' Memorandum in Support of Motion to Dismiss Amended Cpmlaint. Whether or not staff decides to respond to informals is another issue.

[3] In fact, the grievance procedure the defendants refer to states that inmates shall receive instruction on filing grievances upon transfer. See section 4 of administrative directive 9.6. Id.

7.  **The Court Has Jurisdiction Over The Virginia Defendants/Interest Of Justice**

The defendants argue that this Court lacks jurisdiction over the Virginia defendants and becuase of such the action must be dismissed. In response, the plaintiff reiterates his argument set forth in documents 52-55 which were never decided upon.

8.  **The Amended Complaint States A Claim Upon Which Relief Can Be Granted**

The casual connection between the defendants' conduct and the statutory and constitutional violations that the defendants acted with a culpable state of mind in addressing the continuing conditions of confinement in Virginia. See Wilson v. Seiter, 501 U.S. 294, 296-302 (1991). This has previously been established in section 5 above. Although the transferring of an inmate to another state is lawful, it does not otherwise relieve prison officials from "satisfy-[ing] the constitutional requirements in the treatment of prisoners." See Stewart v. McManus, 924 F.2d 138, 142 (8th Cir.1991); See also Canell v. Bradshaw, 840 F.Supp. 1382, 1388 (D.Or.1993).

9.  **The Defendants Are Not Protected By Qualified Immunity**

The defendants are not protected by qualified immunity because they should have known that their deliberate indifference to the conditions of confinement complained of by the plaintiff violated clearly established law.[4] As previously stated and as set forth in the

---

[4] If the defendants' argument is with respect to VA and CT DOC defendants, the majority of the VA defendants are not sheilded by immunity; for numerous of the plaintiff's claims allege that they maliciously engaged in the conduct leading to the rights violations. See Brown v Coughlin, 965 F.Supp. 401, 405 (W.D.N.Y.1997).

complaint, the VA officials continuously and maliciously engaged in conduct leading to the rights violations in the face of CT defendants' knowledge.

10. **The Plaintiff Has Invoked Personal Jurisdiction Over Defendants In Their Individual Capacities**

The defendants contend that no individual capacity suit against them may survive because the plaintiff has not demonstrated personal service over any of them, thus depriving the Court of jurisdiction. The pro se plaintiff has no knowledge of this matter. Instead, the plaintiff, who has been incarcerated at all times during this action relied on the Court and or the Court clerk to contact the marshal to effectuate service on the defendants in their official and individual capacities. See Tajeddini v. Gluch, 942 F.Supp. 772, 778 (D.Conn.1996).

**CONCLUSION**

For all of the foregoing reasons this Court should not dismiss this case.

```
                                    PLAINTIFF
                                    Gary Sadler

                                BY: /s/ Gary Sadler
                                    Gary Sadler #236395
                                    MacDougall Correctional
                                    1153 East Street South
                                    Suffield, CT 06080
```

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of December, 2003:

Mark R. Davis
Senior Assistant Attorney General
900 East Main Street
Richmond, Virginia 23219

Steven R. Strom and Robert Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

/s/ Plaintiff, Pro Se