UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2003 DEC 10 P 3:59

| | | |
|---|---|---|
| GARY SADLER | : | PRISONER<br>CIVIL NO. 3:01CV1786(CFD)(WIG) |
| V. | : | |
| GOVERNOR JOHN ROWLAND, ET AL. | : | DECEMBER 4, 2003 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENT MEMORANDUM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

In this pro se civil rights action the plaintiff has moved this court to order certain defendants to provide the plaintiff with the necessary state funded photocopies and postage in order to pursue this case. In addition to previous responses to the plaintiff's underlying request, the defendants filed a supplement dated November 7, 2003 opposing the plaintiff's request. For the following reasons the plaintiff hereby asserts that the defendants supplement has no bearing on his request:

(1) None of the reasons set forth in the Lebron vs Armstrong case that the defendants refer to are applicable to this case. Based on the defendants opposition motions with respect to this matter, the only issue appears to be whether the plaintiff will suffer irreparable harm if the injunction is not granted. If

this is the case then the harm the plaintiff will suffer is apparent; for this court has stated that if the plaintiff does not respond to the defendants' motion to dismiss by October 15, 2003 "the defendants' motion shall be granted". See doc. 87.[1] Unless this court decides not to dismiss the plaintiff's case for failing to respond to the defendants' motion, the plaintiff will suffer irreparable harm by this court's disissal of this case.

(2) As to any legal basis of the plaintiff's right to access the court, any assertion that there is no right to access the court under such circumstances is misplaced. See Santiago v. Commissioner of Correction, 39 Conn. App. 674, 680-81 (1995); Canell v. Bradshaw, 840 F.Supp. 1382, 1392 (D.Or.1993). This is not a case where the plaintiff requests "unlimited free photocopies and postage" as the defendants assert.[2] Instead, what the plaintiff

---

[1] Although the plaintiff never responded to the motion, on October 14, 2003 he submitted a motion for extension of time citing that the contracted Inmates' Legal Assistance Program has stated that they would not help him unless he forwards copies of all the documents in this case to them. Yet and again, the plaintiff does not have the money to pay for copies of the hundreds of pages at 25¢ per page.

[2] The plaintiff has in the past and will continue in the future to pay for photocopies and postage that he can afford even if this court rules on his behalf with respect to his request.

requests and what such right is comprised of is not unlimited access but reasonable and meaningful access. See Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991); Dugar v. Coughlin, 613 F.Supp. 849, 853-54 (S.D.N.Y.1985); Gittens v. Sullivan, 848 F2d 389-390 (2nd Cir.1988).

(3) As to any notion that an inmate must choose between "personal items" and litigation supplies, as prviously stated, the DOC does not provide non-indigent inmates with necessities at state expense and a substancial amount of the plaintiff's funds are spent on such. To force an inmate between purchasing hygienic supplies and essential legal supplies is unconstitutional. See Gluth v. Kangas, 951 F.2d 1508-09 (9th Cir.1991). Such is the equivalent of forcing an inmate to choose which unconstitutional confinement he would rather be subject to.[3] To assume for the sake of argument that the plaintiff decides not to spend any funds on prison necessities, he still will not have enough to pay for the numerous documents in this case at 25¢ per page.

(4) In addition, unlike the case of Lebron vs. Armstrong, the underlying request for an injunction is related to the action

---

[3]While depriving an inmate of necessities such as soap, toothpaste and deoderant is clearly unconstitutional, in the event that the inmate chooses the legal supplies, the DOC still does not deem him to be indigent for the purpose of receiving the necessities at state expense.

the plaintiff has before this court; for he cannot adequately pursue the action unless he is provided with reasonable state funded photocopies and postage.

                                    PLAINTIFF
                                    Gary Sadler.

BY: _____
     Gary Sadler #236395
     MacDougall Correctional Inst.
     1153 East Street South
     Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of December, 2003:

Mark R. Davis
Senior Assistant Attorney General
900 East Main Street
Richmond, Virginia 23219

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

                                _____
                                Gary Sadler
                                Plaintiff, Pro Se