UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN 12  P 4:15

US DISTRICT COURT
BRIDGEPORT CT

|  |  |  |
|---|---|---|
| GARY SADLER | : | PRISONER<br>CIVIL NO.3:01CV1786(CFD)(WIG) |
| V. | : |  |
| GOVERNOR JOHN ROWLAND, ET AL. | : | JANUARY 2, 2004 |

### ATTACHED AFFIDAVIT

State of Connecticut
County of Hartford
Affiant Gary Sadler, being duly sworn hereby states:

At the present moment the CT DOC has a policy in place defining indigent inmates as inmates not having more than $5.00 in the previous Ninety (90) days. While these "indigent inmates" are provided with legal supplies and prison necessities at State expence a "Non-indigent" inmate such as myself has to pay for legal supplies and prison necessities on my own. Being that I have more than one case in court (I'm also in court as to pro se criminal matters) on various occasions I have either missed court deadlines, been unable to present my claims or deprived myself of prison necessities to furnish legal supplies all because I don't have enough money for both. For instance, pursuant to this Court's Order dated March 4, 2003 I was ordered to file an amended complaint accompanied by evidence that I have exhausted my administrative remedies with respect to the civil rights claims in the complaint. However, because I could not afford to copy each of the grievances at 25¢ per page and mail them to this court and the three separate attorneys representing the defendants, I ended up filing my amendment without such. In response the defendants argued that the amendment should be dismissed because I failed to produce evidence that I exhausted my administrative remedies. Due to the complexity of the defendants motion I sought assistance from the Inmates' Legal Assistance Program (ILAP). In turn ILAP would not help me unless I provide them with copies of all the documents in this case. See Attachment A

1 of 2

(letter from ILAP). As a result on December 4, 2003 I did the best I could in responding to the defendants motion to dismiss. Since I have not been able to fully pay for the necessary legal supplies and prison necessities at the same time I previously filed a grievance, was initially provided in part with what I needed but the decision was thereafter redacted. See Attachment B. Bottom line, I don't need access to unlimited state funded photocopies and postage; I have in the past and will continue to in the future pay for what copies and postage I can afford. But I cannot afford to copy all of the documents in this case to send to ILAP or all of the grievances to send to all parties in this case (in order to show that I've exhausted my administrative remedies).

_____
Affiant - Gary Sadler

Sworn and subscribed before me on this ___ day of January, 2004.

_____
Notary

KAREN MARTUCCI
NOTARY PUBLIC
MY COMMISSION EXPIRES 1/31/06

# ATTACHMENT A

# LAW OFFICES OF SYDNEY T. SCHULMAN

## INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

September 24, 2003

Gary Sadler
# 236395
MacDougall CI
1153 East St. South
Suffield, CT 06080

Dear Mr. Sadler:

Thank you for your letter dated September 3, 2003, which was received at ILAP on September 12, 2003.

As you have been advised in the past, ILAP's contract with the State of Connecticut limits us to giving advice as to process and procedure, as well as the preparation of documents, in civil cases regarding terms and conditions of confinement which exhibit the necessary elements to construct a *prima facie* case. Black's Law Dictionary defines a *prima facie* case as follows:

> A prima facie case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or motion to dismiss in a nonjury case; it is the evidence necessary to require the defendant to proceed with his case.

You have been asked on more than one occasion to forward ILAP copies of all documents you have filed with the court, any documents you have received from the court in relation to your complaint, and any documentation you have of incident(s) which substantiates your claims. To date, we have not received this information from you. Please be advised that without additional information, ILAP is unable to evaluate your claim.

The terms of our most recent contract (effective September 1, 2003) preclude us from providing case law and other materials to inmates where an ILAP attorney has not determined that a *prima facie* case exists. Until the above-described materials have been received and your claims evaluated, ILAP is unable to comply with your request.

Sadler, Gary
-Page 2 of 2-
September 24, 2003

Should you require future assistance with a civil matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP at the above-referenced address.

Sincerely,

*[signature]*
Heidi VanWormer, Law Clerk

*[signature]*
Jessica J. York, Staff Attorney

# ATTACHMENT B

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: Gary Sadler
Inmate no.: 236395
Facility: Corrigan Correctional Institution
Housing unit: b-118
Date: July 10, 2002

[x] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Enclosed is a written copy of my initial informal written to Counselor Credit on June 28, 2002, which was never responded to. Although a written response can take up to 15 days, I've received a verbal response as set forth as follows.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

SEE ATTACHMENT

**3. Action requested.** Describe what action you want taken to remedy the grievance.

This matter can be resolved by simply providing me with the necessary material I need to pursue my legal affairs or by contacting my former Counselor at MacDougall who can explain that the state is to provide me with copies and postage under the described circumstances. Otherwise the 90 day indigent policy is being applied in violation of the law and must be changed.

Inmate signature: [signature]

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no.: 140-03-017
T no.:
Date received: 07/15/02
Disposition: Compromise
Date of disposition: 8/29/02

Grievance issue: Legal access #20

Reasons: Copies and postage will be provided to you at Corrigan for U.S. District Court case # 301CV1786.

Level-1 reviewer: Major Lee, Acting Warden   8/29/02

Prior to being transferred to Corrigan, my previous institution (MacDougall) would provide me with the necessary legal materials (i.e., writing utensils, copies and postage) to pursue Pro Se litigation I have pending, being that the courts previously determined me to be indigent and waived all fees and costs (with an exception of a 20% deduction to every deposit to my account).

After being transferred here, on June 28, 2002 I wrote Counselor Credit the enclosed request explaining that I would like for the record to be clear that although I'm not deemed indigent by department policy, being that I'm Pro Se in several cases, the DOC is to provide me with the necessary tools I need to pursue these cases (i.e., writing utensils, copies and postage).

Since I received no response and since I had to have several documents (pertaining to one of my cases) notarized, copied and sent off, on July 8, 2002 I wrote Counselor Credit about it. In response, he notarized the documents, copied them but would not provide me with state provided postage to send them off, by stating that I have a little bit of money on my account to send them off.

Since I've been in this facility, I've had more problems with sending and receiving legal correspondence than I've ever had in any other institution throughout all the years I've been incarcerated. The only thing I can fathom from this is that no one understands what's going on here or, my access to the court is deliberately being hindered. The documents I'm frequently filing in these cases run into tens of pages on a usual basis and have to be copied for certification to the attornies representing the state.

For example, the current motions that I have to send to the court consists of 18 pages. I needed three copies of this motion (one for each of the two attorneys representing the state and one for myself). Then I'm in need of three envelopes to send it to the court and the two attornies. To have me pay for all of the above would force me between purchasing cosmetic necessities (with what little money I not so often receive) or pursue my legal affairs. In any event this is illegal and hinders upon my access to the courts. How hard is this to understand?

To: Counselor Credit



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

**Inmate Name:** Gary Sadler
**Inmate no.:** 236395
**Facility:** Corrigan Correctional Institution
**Housing unit:** B-118
**Date:** June 28, 2002

**Request:** At the present moment I have three Pro Se cases pending in Court (Sadler v. Rowland - Bridgeport United States District Court - docket No. 3:01CV1786, Sadler v. Young - Virginia United States District Court - docket No. 7:00CV0581 and Sadler v. Warden - Hartford Superior - docket No. CV02-815900) in which pursuant to 28 U.S.C. 1915(a) and Connecticut General Statutes section 52-259b the fees applied to these cases have been waived. Being that I'm proceeding Pro Se and that such fees have been waived, the DOC is to provide me with the necessary material to pursue these cases (i.e., writing utensils, copies and postage). Therefore, I would like to have some documents pertaining to the cases copied and sent out and for the record to be clear of this matter.

**Previous Action Taken:**

**Submitted to:**
**Date:**
**Acted on by:**
**Action Taken and/or Response:**

**Response to Inmate Date:**
**Staff Member Signature:**

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

| Inmate name | Gary Sadler | Inmate no. | 236395 |

| Facility | Corrigan Correctional Institution | Housing unit | B-118 | Date | September 3, 2002 |

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

IGP no. 146-03-017          T no.

Use this form to appeal a Level-1 decision. Grievance Form A (for Level-1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

**Appeal. I am appealing the Level-1 decision because**

SEE ATTACHMENT

Inmate signature: /s/ Gary Sadler           Date: September 3, 2002

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received 09/13/02 | Disposition Denied | Date of disposition 9/24/02 |

**Reasons:** *You are appealing a grievance compromise for fees and court costs. Lead Warden Wezner answered your grievance appropriately. You are responsible for filing fees and court costs unless directed by the courts. Specifically, on 10/25/01 the United States District Court granted your motion that that fees and court costs be waived for Docket #301CV1786. Directives are reviewed and revisited on an annual basis. Your grievance was thoroughly investigated. Your grievance appeal is denied.*

Level-2 reviewer: /signature/

[ ] This grievance may be appealed within 5 days to Level 3
[X] This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

**Appeal. I am appealing the Level-2 decision because** My argument that this policy must change because it is in violation of access to the courts remains. Although the Level II Reviewer claims that this grievance cannot be appealed, when challenging a policy it can.

Inmate signature: /s/ Gary Sadler           Date: October 4, 2002

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received 10/25/02 | Disposition Denied | Date of disposition 11/22/02 |

**Reasons:** The fact that the Virginia District Court waived the prepayment requirement for filing a case does not compel the DOC to provide copying and mailing services. The Court is, after all, requiring payment, and making those payments is a drain on your resources. That the DOC elected to provide copying and mailing services with respect to that case is an accommodation. The only requirement on the DOC is that the DOC has adopted for indigence must not of itself obstruct access to the court. As long as you have money in your account, you are in a position of choosing how you will spend it. You have had a healthy balance in your account throughout the period in question. The fact that you have money in your account places you in the position of budgeting how and what length you will pursue your legal interests. Your grievance appeal is denied.

Level-3 reviewer: /signature/

ATTACHMENT

I appeal the the Level I Response because I am unsatisfied with the Response as to my Pro Se Status pertaining to the action I have pending in the District Court of Virginia. Before being transferred here, my previous institution did indeed provide me with the necessary tools I needed to pursue the Virginia case upon recognizing that the Court did NOT Require me to pay the $150.00 filing fee immediately in its entirety and that I was proceeding Pro Se. I do NOT know why my previous institution all of a sudden reports that I was NOT being provided the necessary tools at state expense to pursue this case; for I've been prosecuting this case for over a year while at my previous institution (in which on various occasions I corresponded with the Court in lenthly documents, which supports my contention that the facility provided me with copies and postage). In other words, someone is lying. In addition, the fact that I'm proceeding Pro Se without any available balance at the moment or any other moment should be enough to satisfy providing me with what I need. For instance, <u>at the present moment</u> I have several documents pertaining to the Virginia case that have to be copied and sent out before a specific deadline and I do not have the available balance to copy and send out these documents. Under such circumstances any Civil Court of Law would rule that Refusing to provide me with the copies and postage is in violation of the law.

In conjunction with my Request that the 90 day indigent policy must be changed, I further incorporate the following as to why the indigent policy must be changed when pertaining to Pro Se Status or a reasonably indigent inmate such as myself: (a) my criminal case by which I was appointed a special public defender by the Court is before the Court. I have to write my court appointed counsel about my case but don't have any money for postage; (b) I have a matter before the CHRO (a State Organization) by which I frequently correspond but also need the postage and (c) I have a property claim to file but cannot send it off because of my indigence.

All of the above hinders upon my first amendment rights: Lewis V. Casey, 518 U.S. 343 (1996) and therefore this policy must be changed to accompany my needs.