UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 MAR 26  P 2: 14

US [illegible]

THOMAS BROWDY

v.

BRIAN KARPE, et al.

PRISONER

Case No. 3:00cv1866 (CFD) (WIG)

## RULING AND ORDER

Pending before the court is plaintiff's "Motion for Court Record." For the reasons set forth below, the motion is denied.

The plaintiff seeks a copy of the entire court file because all of his records were lost by Department of Correction officials. He claims that he cannot litigate this case without a copy of all documents from the court file.

Although the plaintiff was permitted to file his complaint in forma pauperis, this status only relieves him of the cost of filing his action. He is not automatically entitled to copies or other materials. See Guinn v. Hoecker, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), cert. denied, 514 U.S. 1118 (1995); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

Here, it is unclear to the court why the plaintiff needs a copy of every document in the court file to litigate this case. At this time, over forty documents have been docketed in this case. In addition, the plaintiff has failed to provide sufficient evidence

to support his claim that he lacks the necessary funds to pay for copies of documents in the court file. Thus, the plaintiff's "Motion for Court Record" [doc. # 43] is DENIED without prejudice.

If the plaintiff seeks to renew his motion, he must identify which documents he seeks to have the court copy and provide evidence, in the form of a certified prison account statement, demonstrating that he cannot afford the cost of copying the documents. The cost of copying court documents is 50 cents per page. The Clerk is directed to send the plaintiff a copy of a docket sheet with a copy of this ruling.

SO ORDERED this 26th day of March, 2003, at Bridgeport, Connecticut.

William I. Garfinkel
United States Magistrate Judge