UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GARY SADLER | : | PRISONER<br>CIVIL NO. 3:01CV1786 (CFD)(WIG) |
| v. | : |  |
| GOVERNOR JOHN ROWLAND, ET AL. | : | OCTOBER 4, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES
OF THE DEFENDANTS ARMSTRONG, MILLING, OTTOLINI,
MASELLA, SALADINI AND WOODCOCK TO
PLAINTIFF'S AMENDED COMPLAINT DATED JULY 3, 2003**

**Preamble**

  1. The defendants, John Armstrong, et al., deny the allegations in plaintiff's preamble.

**A.** **Parties**

  1. As to paragraph 1, the defendants admit that the plaintiff is a sentenced inmate of the Connecticut Department of Correction. The rest and remainder of the allegations are denied.

  2. As to paragraph 2, the defendants admit that John Armstrong was Connecticut Commissioner of Correction during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

  3. As to paragraph 3, the defendants admit that the defendant Lynn Milling was Interstate Compact Supervisor for the Connecticut Department of Correction during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

  4. As to paragraph 4, the defendants admit that the defendant Ottolini was employed by the Connecticut Department of Correction, Health Services, during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

5.   As to paragraph 5, the defendants admit that the defendant Masella was employed by the Connecticut Department of Correction during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

6.   As to paragraph 6, the defendants admit that the defendant Saladini was employed by the Connecticut Department of Correction during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

7.   As to paragraph 7, the defendants admit that the defendant Woodcock was employed by the Connecticut Department of Correction during the times referenced in the plaintiff's Amended Complaint. The rest and remainder of the allegations are denied.

8.   As to paragraph 8, all allegations against the defendant Tokarz were dismissed by the Court in its Ruling on Motion to Dismiss dated September 13, 2004.

9.   As to paragraphs 9-18, all allegations concerning the Virginia defendants were severed and transferred by the Court in its Ruling on Motion to Dismiss and for Change of Venue dated September 13, 2004.

**B.   Jurisdiction**

As to plaintiff's jurisdiction paragraph, the allegations are denied.

**C.   Nature of the Case**

As to plaintiff's Nature of the Case paragraph, the allegations are denied.

**D.   Supporting Facts**

1.   As to paragraph 1, the defendants admit that the plaintiff was a Connecticut inmate housed in Virginia between January 10 and November 3, 2000. Allegations against the defendant Tokarz have been dismissed. Allegations against the Virginia defendants have been severed and transferred. The rest and remainder of the allegations are denied.

2. As to paragraphs 2-17, allegations against the Virginia defendants have been severed and transferred. The rest and remainder of the allegations against the Connecticut defendants are denied.

**E.     Previous Lawsuits and Administrative Relief**

1. The allegations in paragraphs 1 and 2 are denied.

**F.     Previously Dismissed Actions or Appeals**

1. As to the allegations contained under this heading, the defendants do not have sufficient knowledge or information upon which to form a belief and therefore leave the plaintiff to his proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint do not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is effectively against state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants, at all times relevant to the Amended Complaint, were state officials/employees and their conduct was not wanton, reckless or malicious, and was within the

discharge of their duties or within the scope of their employment. They are, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities.

### FIFTH AFFIRMATIVE DEFENSE

As to all claims alleging state law causes of action such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the plaintiff has not and cannot demonstrate authority or authorization, this action is barred under the doctrine of sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged or shown physical injury as required by the Prison Litigation Reform Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and prove personal participation or responsibility.

### TENTH AFFIRMATIVE DEFENSE

The case should be dismissed because the plaintiff has failed to join an indispensable party.

## ELEVENTH AFFIRMATIVE DEFENSE

Paragraph Seven of the Amended Complaint should be dismissed under the Prior Pending Action Doctrine.

                              DEFENDANTS
                              John Armstrong, et al.

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

BY:    /s/_____
         Robert F. Vacchelli
         Assistant Attorney General
         110 Sherman Street
         Hartford, CT  06105
         Federal Bar #ct05222
         E-Mail:  robert.vacchelli@po.state.ct.us
         Tel.: (860) 808-5450
         Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of October, 2004:

Gary Sadler #236395
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Sr. Asst. Attorney General Mark R. Davis
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

                                                           /s_____
                                                 Robert F. Vacchelli
                                                 Assistant Attorney General